NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

CLEMENTE ARIAS-LUNA, *Appellant.*

No. 1 CA-CR 17-0139
FILED 1-9-2018

Appeal from the Superior Court in Maricopa County
No.  CR2014-112498-001
The Honorable Teresa A. Sanders, Judge

**AFFIRMED AS MODIFIED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Mercer Law PLC, Mesa
By Stephen N. Mercer
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Paul J. McMurdie delivered the decision of the Court, in which Judge Peter B. Swann and Judge James B. Morse Jr. joined.

---

**M c M U R D I E**, Judge:

¶1 Clemente Arias-Luna appeals his convictions of: (1) sexual conduct (masturbatory) with a minor, a Class 2 felony and dangerous crime against children; (2) molestation of a child, a Class 2 felony and dangerous crime against children; and (3) false reporting to a law enforcement agency, a Class 1 misdemeanor, and the resulting sentences. Arias-Luna's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), certifying that, after a diligent search of the record, he found no arguable question of law that was not frivolous. Arias-Luna was given the opportunity to file a supplemental brief, but did not do so. Counsel asks this court to search the record for arguable issues. *See Penson v. Ohio*, 488 U.S. 75 (1988); *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999); *see also State v. Chavez*, 778 Ariz. Adv. Rep. 4, 3, ¶ 9 (App. 2017). After reviewing the record, we affirm but modify Arias-Luna's sentence to reflect 1079 days' presentence incarceration credit.

**FACTS AND PROCEDURAL BACKGROUND**

¶2 On March 16, 2014, Alejandro Vasquez stopped for dinner at 32nd Street and Yale, when he was approached by Arias-Luna. Arias-Luna had locked his keys in his truck, and asked if Vasquez could help him open the door to retrieve his keys. Vasquez followed Arias-Luna to his nearby apartment, and helped open his truck door. While at Arias-Luna's apartment, Vasquez saw Arias-Luna's girlfriend and her twelve-year-old daughter, I.X., both of whom he recognized. Because Vasquez and Arias-Luna's neighbor, Rosa De La Cruz, had previously been involved in an investigation relating to the molestation of I.X., Vasquez decided to go to Cruz's apartment and tell her he had seen I.X. with Arias-Luna.

¶3 Vasquez and Cruz returned to Arias-Luna's apartment later that evening, and when Vasquez approached the window of the apartment, he noticed the curtain was open. Vasquez looked inside and saw Arias-Luna rubbing his foot on I.X.'s genitals underneath her shorts. Although he could not see their faces, Vasquez recognized Arias-Luna's

voice inside the apartment and I.X.'s t-shirt from earlier that day. Because he thought he needed evidence, Vasquez used his phone to take several pictures of what he saw. Afterwards, Vasquez and Cruz flagged down a nearby patrol car and informed a Phoenix Police Officer about what Vasquez had witnessed.

¶4        Phoenix Police made contact with Arias-Luna, who first gave two incorrect names not found in the police database, before eventually giving his correct name and date of birth. Arias-Luna was arrested later that night.

¶5        Arias-Luna was indicted for two counts of sexual conduct with a minor (one count penetration and one count masturbatory), molestation of a child, and false reporting to law enforcement, to which he pled not guilty. Before trial, Arias-Luna moved for a change of counsel, which the superior court denied. Afterwards, Arias-Luna moved to waive his right to counsel, which the superior court granted, allowing his previous counsel to remain in an advisory capacity. Then, after further request from Arias-Luna, the superior court granted his request to appoint new counsel and relieved former counsel.

¶6        After a nine-day jury trial, the jury found Arias-Luna guilty of one count of sexual conduct (masturbatory) with a minor, one count of molestation of a child, and one count of false reporting to a law enforcement agency.[1] The court sentenced Arias-Luna to a presumptive term of 20 years' imprisonment for sexual misconduct with a minor, to be served consecutive to a presumptive term of 17 years' imprisonment for molestation of a child, with 1073 days' presentence incarceration credit. Arias-Luna received time served for false reporting to a law enforcement agency. Arias-Luna timely appealed, and we have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") §§ 12-120.21(A)(1), 13-4031, and -4033(A).

## DISCUSSION

¶7        We have read and considered counsel's brief and have reviewed the record for any arguable issues. *See Leon*, 104 Ariz. at 300. We find none.

¶8        Arias-Luna was present and represented by counsel at all stages of the proceedings against him. The record reflects the superior court

---

[1]        Arias-Luna was found not guilty of the first count of sexual misconduct with a minor (penetration).

3

afforded Arias-Luna all his constitutional and statutory rights, and the proceedings were conducted in accordance with the Arizona Rules of Criminal Procedure. The court conducted appropriate pretrial hearings, and the evidence presented at trial and summarized above was sufficient to support the jury's verdicts.

**¶9**      Arias-Luna's sentences fall within the range prescribed by law, however, in reviewing the record, we find the superior court failed to grant sufficient presentence incarceration credit. Arias-Luna's presentence report originally reflected a sentencing date of February 21, 2017, and therefore recommended 1073 days' presentence incarceration credit. However, Arias-Luna's sentencing was vacated and reset to February 28, 2017. Accordingly, Arias-Luna was entitled to 1079 days' presentence incarceration credit. *See* A.R.S. § 13-712(B) ("All time actually spent in custody . . . *until the prisoner is sentenced* to imprisonment for such offense shall be credited . . . .") (emphasis added).[2] When sentenced on February 28, 2017, the superior court did not consider the change in sentencing date, and awarded the 1073-day credit recommended in the presentence report. Pursuant to § 13-4037, we modify Arias-Luna's sentence to reflect 1079 days' presentence incarceration credit.

## CONCLUSION

**¶10**      Arias-Luna's convictions and sentences are affirmed as modified. After the filing of this decision, defense counsel's obligations pertaining to Arias-Luna's representation in this appeal will end after informing Arias-Luna of the outcome of this appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984).



AMY M. WOOD • Clerk of the Court
FILED: AA

---

2     Arias-Luna was taken into custody on March 17, 2014, and sentenced on February 28, 2017.